IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DENIS A. ROLES, )
                                          )
        Plaintiff, )    Case No. 04-6382-KI
                                          )
vs. )    OPINION
                                          )
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
                                          )
        Defendant. )

    Mark Manning
    Cram, Harder, Wells & Baron, P. C.
    474 Willamette, Suite 200
    Eugene, Oregon  97401

        Attorney for Plaintiff

    Karin J. Immergut
    United States Attorney
    District of Oregon
    Neil J. Evans
    Assistant United States Attorney
    1000 S. W. Third Avenue, Suite 600
    Portland, Oregon  97204-2902

Leisa A. Wolf
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

Attorneys for Defendant

KING, Judge:

Plaintiff Denis Roles brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability income benefits ("DIB"). I affirm the decision of the Commissioner.

## BACKGROUND

Roles applied for DIB on November 20, 2001. His application was denied initially and upon reconsideration. After a timely request for a hearing, Roles, represented by counsel, appeared and testified before an Administrative Law Judge ("ALJ") on May 13, 2004.

On June 9, 2004, the ALJ issued a decision finding that Roles was not disabled within the meaning of the Act and therefore not entitled to benefits. This decision became the final decision of the Commissioner when the Appeals Council declined to review the decision of the ALJ.

## LEGAL STANDARDS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act. 42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability. The claimant has the burden of proof on the first four steps. Bustamante v. Massanari, 262 F.3d 949, 953 (9th Cir. 2001); 20 C.F.R. §§ 404.1520 and 416.920. First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." If the claimant is engaged in such activity, disability benefits are denied. Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d). If the impairment meets or equals one of the listed impairments,

the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past. If the claimant is able to perform work which he or she performed in the past, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e) and 416.920(e).

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Bustamante, 262 F.3d at 954. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. It is more than a scintilla, but less than a preponderance, of the evidence. Id.

Even if the Commissioner's decision is supported by substantial evidence, it must be set aside if the proper legal standards were not applied in weighing the evidence and in making the decision. Id. The court must weigh both the evidence that supports and detracts from the Commissioner's decision. Id. The trier of fact, and not the reviewing court, must resolve

conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the Commissioner. Id. at 720-21.

**FACTS**

I.   The ALJ's Decision

The ALJ found Roles was suffering from a back disorder status-post lumbosacral fusion, an impairment that is severe within the meaning of the Regulations but not severe enough to equal a listed impairment. The ALJ gave little weight to the opinion of Scott Kitchel, M.D., because his determination of disability addressed an issue reserved to the Commissioner and because Dr. Kitchel was not treating Roles during the time of the alleged onset of disability. The ALJ also found Roles and his wife, Deborah Roles, who testified at the hearing, to be less than credible. Based on his determination of Roles' residual functional capacity and the testimony of a vocational expert, the ALJ concluded that Roles could not return to his former work but could work as a small products assembler, a parts picker, or a parts salvager, and thus was not disabled under the Act.

II.  Roles' History

Roles, who was fifty-three at the time of the hearing, claims to have been disabled since October 15, 2000, due to anterior lumbar unstabilization at L5-S1.[1] Roles has a twelfth grade education and past work experience including employment as a timber faller, log truck driver, and auto mechanic.

Roles has worked as an auto mechanic out of his home since October 2000, but the number of hours varies. He has tried to get work at gas stations, but he states they will not hire

---

[1] The ALJ errs in stating Roles alleges he became disabled on October 5, 2000.

Page 5 - OPINION

him because he is too much of a liability. Roles testified that he is only able to stand in one place for ten minutes and sit in a chair for forty-five minutes. According to Roles, after the surgery he was able to sweep the floor, which he was unable to do prior to surgery. He takes Vicodin, but only as needed, not on regular intervals. The ALJ found that Roles is able to lift twenty pounds occasionally and ten pounds frequently. He is only able to stoop, kneel, crouch, and crawl and climb ladders, ropes, and scaffolding occasionally.

## DISCUSSION

Roles contends the ALJ improperly rejected the testimony of Dr. Kitchel, a treating doctor. The weight given to the opinion of a physician depends on whether the physician is a treating physician, an examining physician, or a nonexamining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). More weight is given to the opinion of a treating physician because the person has a greater opportunity to know and observe the patient as an individual. Id.; Smolen, 80 F.3d at 1285. If a treating or examining physician's opinion is not contradicted by another physician, the ALJ may only reject it for clear and convincing reasons. Even if it is contradicted by another physician, the ALJ may not reject the opinion without providing specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830. The opinion of a nonexamining physician, by itself, is insufficient to constitute substantial evidence to reject the opinion of a treating or examining physician. Id. at 831. Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by and are consistent with other evidence in the record. Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999).

Dr. Kitchel began treating Roles in March 2001 and performed surgery on him on January 21, 2002. After the surgery, Dr. Kitchel's treatments notes from March and April 2002 show Roles was improving. On May 1, 2002, Dr. Kitchel wrote a letter indicating Roles had been disabled since October of 2000. Dr. Kitchel also completed a form for Roles' insurance company indicating he had been disabled since October 2000. On July 2, 2002, Dr. Kitchel wrote a letter stating his opinion that as a result of his surgery, Roles is permanently and totally disabled from his job as a truck driver and should be granted vocational rehabilitation.

Dr. Kitchel indicates he believes Roles to be disabled. The ALJ is not bound by his opinion of Roles' disability, because this issue is reserved to the Commissioner. See 20 C.F.R. § 404.1527(e) ("A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled"). The Ninth Circuit has stated that a physician's opinion of disability is not a legal opinion establishing disability under the Act because such a finding includes a medical and vocational component. See Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir. 2000). Therefore, the ALJ is not required to defer to Dr. Kitchel's opinion of disability.

The ALJ noted that Dr. Kitchel's opinion that Roles is disabled does not conform with his own treatment records. After the surgery, Dr. Kitchel's treatment records show that Roles is continually improving, his notes from both March and April 2002 show that Roles is getting along well. Roles also indicated in June 2002 that he was no longer taking any narcotics for pain and he hoped to be able to work in two months. All of these treatment notes indicate that Roles' condition was improving following the surgery. Finally, the ALJ noted that Dr. Kitchel opined Roles was disabled since October 2000, which was before Dr. Kitchel began treating him. Dr.

Kitchel did not begin treating Roles until March 2001. The ALJ properly considered Dr. Kitchel's opinions and rejected them for clear and convincing reasons.

## CONCLUSION

The findings of the Commissioner are based upon substantial evidence in the record and the correct legal standards, and therefore the court affirms the decision of the Commissioner.

Dated this ____17th____ day of August, 2005.

                                        /s/ Garr M. King
                                        Garr M. King
                                        United States District Judge